IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

*Norfolk Division*

```
FILED
IN OPEN COURT

DEC   7 2022

CLERK, U.S. DISTRICT COURT
NORFOLK, VA
```

| | |
|---|---|
| UNITED STATES OF AMERICA | **UNDER SEAL** |
| v. | CRIMINAL NO. 2:22CR 147 |
| ██████████ | 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B)<br>Conspiracy to Distribute and Possess with<br>Intent to Distribute Marijuana and Psilocybin<br>(Count 1) |
| ██████████ | 21 U.S.C. §§ 841(a)(1) and (b)(1)(D)<br>Possession with Intent to Distribute Marijuana<br>(Counts 2, 8) |
| | 21 U.S.C. §§ 841(a)(1) and (b)(1)(C)<br>Possession with Intent to Distribute Psilocybin<br>(Counts 3, 9) |
| JASMINE DENEEN CUFFEE,<br>(Counts 1, 7) | 18 U.S.C. § 924(c)<br>Possession, Brandish and Discharge of a<br>Firearm in Furtherance of a Drug Trafficking<br>Crime<br>(Counts 4, 5, 6, 11) |
| ██████████ | 21 U.S.C. § 856<br>Maintaining Drug Involved Premises<br>(Count 7) |
| | 18 U.S.C. § 922(g)(1)<br>Felon in Possession of a Firearm<br>(Count 10) |
| Defendants. | 18 U.S.C. § 924(d); 21 U.S.C. § 853<br>Criminal Forfeiture |

**INDICTMENT**

December 2022 Term- at Norfolk, Virginia

<u>COUNT ONE</u>

(Conspiracy to Distribute and Possess with the Intent to Distribute Marijuana and Psilocybin)

THE GRAND JURY CHARGES THAT:

From no later than August 2021 and continuing up to and including November 8, 2022, in Chesapeake, Virginia, within the Eastern District of Virginia and elsewhere, ███████████

██████████████ JASMINE DENEEN CUFFEE, ██████████████ he defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree with each other and with other persons, both known and unknown to the Grand Jury, to knowingly and intentionally:

(1) distribute and possess with the intent to distribute 100 kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vii); and

(2) distribute and possess with the intent to distribute a mixture and substance containing a detectable amount of psilocybin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(C).

<u>WAYS, MANNER, AND MEANS OF THE CONSPIRACY</u>

The primary purpose of the conspiracy was to make money through the distribution of marijuana and psilocybin, a constituent of Magic mushrooms, within the Eastern District of Virginia and elsewhere. The ways, manner, and means by which the defendants and co-conspirators carried out the purpose of the conspiracy include but are not limited to the following:

1.      It was part of the conspiracy that the defendants and co-conspirators would and did play different roles in the conspiracy, taking upon themselves different tasks and participating in the affairs of the conspiracy through various criminal acts. Some of the roles which the defendants and co-conspirators assumed and carried out included, among others, organizer, manager, distributor, packager, supplier, middleman, collector, advertiser, security, and facilitator.    Specifically ███████████████████████████ acted as a leader and organizer of the conspiracy. ████████████████████████████ acted as security and doorman at "popup" dispensary locations, which would change and "popup" at new locations during the course of the conspiracy.    As a doorman, ███████ controlled drug customers' access and entry to the "popup" dispensaries. ██████████████████████████ ████████ acted as security and engaged in drug sales at "popup" locations. ██████████ ████████████████████████ handled the finances and proceeds from the illegal sales of controlled substances on behalf of the conspiracy. ███████████ further assisted ██████████ when he was a fugitive from law enforcement after the May 13, 2022 double homicide at the Wintercress Way "popup" location.    JASMINE DENEEN CUFFEE (CUFFEE) sought out and rented apartments that served as "popup" locations for the conspiracy.    CUFFEE further assisted ███████ ████████ when he was a fugitive from law enforcement after the May 13, 2022 double homicide at the Wintercress Way "popup" location. ████████████████████ acted as a manager and security for various popup locations. █████████████████ acted as ███████████ s partner, provided security to the conspiracy, and assisted ██████████ in reestablishing a "popup" location after the double homicide at the Wintercress Way "popup" location. ██████████████████████ acted as security for various "popup" locations.

2.      It was further a part of the conspiracy that the defendants and co-conspirators were engaged in the unlawful business of possessing with intent to distribute and distributing marijuana and psilocybin in the Eastern District of Virginia for profit.

3.      It was further part of the conspiracy that the defendants and co-conspirators would and did derive substantial gross receipts from their unlawful activities.

4.      It was further part of the conspiracy that the defendants and co-conspirators would and did establish makeshift "popup" marijuana and psilocybin dispensaries at various locations throughout Hampton Roads, including at an apartment on Wintercress Way in Chesapeake, Virginia.   The defendants and co-conspirators would change locations of the "popup" dispensaries to avoid detection by law enforcement and to avoid attempted robberies of drugs and drug proceeds.

5.      It was further part of the conspiracy that the defendants and co-conspirators communicated through telecommunications devices.   The defendants and co-conspirators used telephonic communications to arrange for the time and place of drug transactions and payments of United States currency, and to assist in and further the possession with intent to distribute and the distribution of controlled substances.

6.      It was further part of the conspiracy that the defendants and co-conspirators used social media platforms and applications to advertise the location of "popup" dispensaries.

<u>OVERT ACTS</u>

In furtherance of the conspiracy and to bring about the objects and goals of the conspiracy, the defendants and co-conspirators committed overt acts in the Eastern District of Virginia, and elsewhere, including but not limited to the following:

4

1.      On different dates during the conspiracy, ████████ CUFFEE, and other co-conspirators received packages containing marijuana and psilocybin sent via the United States Postal Service from known source states for controlled substances, including California, to the Eastern District of Virginia.

2.      On different dates during the conspiracy, ████████ and his co-conspirators possessed with intent to distribute quantities of marijuana and psilocybin.

3.      On different dates during the conspiracy, ████████ and his co-conspirators distributed and aided and abetted the distribution of quantities of marijuana and psilocybin in exchange for United States currency.

4.      In 2022, CUFFEE and other co-conspirators rented an apartment located at an address on Wintercress Way in Chesapeake, Virginia to be used as a "popup" dispensary.

5.      On May 13, 2022, ████████ acted as a doorman for the Wintercress Way "popup" dispensary.

6.      On May 13, 2022, ████████████ were armed with firearms to protect their supply of marijuana and psilocybin and drug proceeds from attempted robberies.

7.      On May 13, 2022, when two subjects attempted to rob the "popup" dispensary located at Wintercress Way in Chesapeake, Virginia, ████████████ discharged firearms during a gun battle with the two subjects, resulting in the deaths of the two subjects. During the gun battle, ████████ pistol-whipped one of the subjects.

8.      On May 13, 2022, immediately after the gun battle, ████████████ and ████████ removed controlled substances, drug proceeds, and firearms from the Wintercress Way "popup" dispensary.

9.     After the May 13, 2022 double homicide at Wintercress Way, CUFFEE and 

███████ assisted ███████ in avoiding apprehension from law enforcement.

10.     After the May 13, 2022 double homicide at Wintercress Way, ███████

and ███████ assisted ███████ in establishing a new "popup" location for the illegal sale of

controlled substances.

(All in violation of Title 21, United States Code, Sections 846, 841(a)(1) and (b)(1).)

## COUNT TWO

(Possession with Intent to Distribute Marijuana)

THE GRAND JURY FURTHER CHARGES THAT:

On or about May 13, 2022, in Chesapeake, within the Eastern District of Virginia,

defendants 

and                                              did knowingly and intentionally possess with the intent to

distribute a mixture and substance containing a detectable amount of marijuana, a Schedule I

controlled substance, and aided and abetted the same.

(In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(D) and Title 18,
United States Code, Section 2.)

COUNT THREE

(Possession with Intent to Distribute Psilocybin)

THE GRAND JURY FURTHER CHARGES THAT:

On or about May 13, 2022, at Chesapeake, within the Eastern District of Virginia, defendants [redacted] and [redacted] did knowingly and intentionally possess with the intent to distribute a mixture and substance containing a detectable amount of psilocybin, a Schedule I controlled substance, and aided and abetted the same.

(In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) and Title 18, United States Code, Section 2.)

## COUNT FOUR

(Use, Carry, Brandish, and Discharge of a Firearm During and in Relation to, and Possession of a
Firearm in Furtherance of, a Drug Trafficking Crime)

THE GRAND JURY FURTHER CHARGES THAT:

On or about May 13, 2022, at Chesapeake, within the Eastern District of Virginia, the

defendant, ████████████████████ did knowingly use, carry, brandish, and

discharge a firearm during and in relation to, and possess a firearm in furtherance of, a drug

trafficking crime for which the defendant may be prosecuted in a court of the United States, to

wit: possession with the intent to distribute marijuana, in violation of Title 18, United States

Code, Sections 841(a)(1) and (b)(1)(D) and Title 18, United States Code, Section 2, as set forth

in Count Two of the Indictment; and possession with the intent to distribute psilocybin, in

violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) and Title 18, United

States Code, Section 2, as set forth in Count Three of the Indictment, which descriptions of said

drug trafficking crimes are re-alleged and incorporated by reference as if set forth in full herein.

(In violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2).

## COUNT FIVE

(Use, Carry, Brandish, and Discharge of a Firearm During and in Relation to, and Possession of a Firearm in Furtherance of, a Drug Trafficking Crime)

THE GRAND JURY FURTHER CHARGES THAT:

On or about May 13, 2022, at Chesapeake, within the Eastern District of Virginia, the defendant, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ did knowingly use, carry, brandish, and discharge a firearm during and in relation to, and possess a firearm in furtherance of, a drug trafficking crime for which the defendant may be prosecuted in a court of the United States, to wit: possession with the intent to distribute marijuana, in violation of Title 18, United States Code, Sections 841(a)(1) and (b)(1)(D) and Title 18, United States Code, Section 2, as set forth in Count Two of the Indictment; and possession with the intent to distribute psilocybin, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) and Title 18, United States Code, Section 2, as set forth in Count Three of the Indictment, which descriptions of said drug trafficking crimes are re-alleged and incorporated by reference as if set forth in full herein.

(In violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2).

10

## COUNT SIX

(Use, Carry, and Brandish of a Firearm During and in Relation to, and Possession of a Firearm in Furtherance of, a Drug Trafficking Crime)

THE GRAND JURY FURTHER CHARGES THAT:

On or about May 13, 2022, at Chesapeake, within the Eastern District of Virginia, the defendant, ███████████████████ did knowingly use, carry, and brandish a firearm during and in relation to, and possess a firearm in furtherance of, a drug trafficking crime for which the defendant may be prosecuted in a court of the United States, to wit: possession with the intent to distribute marijuana, in violation of Title 18, United States Code, Sections 841(a)(1) and (b)(1)(D) and Title 18, United States Code, Section 2, as set forth in Count Two of the Indictment; and possession with the intent to distribute psilocybin, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) and Title 18, United States Code, Section 2, as set forth in Count Three of the Indictment, which descriptions of said drug trafficking crimes are re-alleged and incorporated by reference as if set forth in full herein.

(In violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2).

## COUNT SEVEN

(Maintaining Drug Involved Premises)

THE GRAND JURY FURTHER CHARGES THAT:

During 2022, in Chesapeake, within the Eastern District of Virginia, the defendant, JASMINE DENEEN CUFFEE, did unlawfully and knowingly open, lease, rent, use and maintain a place located at Wintercress Way in Chesapeake, Virginia, whether permanently or temporarily, for the purpose of distributing and using marijuana, a Schedule I controlled substance, and psilocybin, a Schedule I controlled substance.

(In violation of Title 21, United States Code, Section 856(a)(1).)

## COUNT EIGHT

(Possession with Intent to Distribute Marijuana)

THE GRAND JURY FURTHER CHARGES THAT:

On or about November 8, 2022, at Virginia Beach, within the Eastern District of Virginia,

defendants  did knowingly

and intentionally possess with the intent to distribute a mixture and substance containing a

detectable amount of marijuana, a Schedule I controlled substance, and aided and abetted the same.

(In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(D) and Title 18,
United States Code, Section 2.)

13

## COUNT NINE

(Possession with Intent to Distribute Psilocybin)

THE GRAND JURY FURTHER CHARGES THAT:

On or about November 8, 2022, at Virginia Beach, within the Eastern District of Virginia, defendants,  did knowingly and intentionally possess with the intent to distribute a mixture and substance containing a detectable amount of psilocybin, a Schedule I controlled substance, and aided and abetted the same.

(In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) and Title 18, United States Code, Section 2.)

## COUNT TEN

(Felon in Possession of Firearm)

THE GRAND JURY FURTHER CHARGES THAT:

On or about November 8, 2022, at Virginia Beach, within the Eastern District of Virginia, the defendant, ███████████████ knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm and firearms, to wit: a Glock 9mm semi-automatic pistol and a Glock 23 .40 caliber semi-automatic pistol, said firearm and firearms having previously been shipped and transported in interstate and foreign commerce.

(In violation of Title 18, United States Code, Section 922(g)(1) and Title 18, United States Code, Section 2.)

15

## COUNT ELEVEN

(Use and Carry of a Firearm During and in Relation to, and Possession of a Firearm in
Furtherance of, a Drug Trafficking Crime)

THE GRAND JURY FURTHER CHARGES THAT:

On or about November 8, 2022, at Virginia Beach, within the Eastern District of Virginia,
the defendant, ███████████ did knowingly use and carry a firearm during and in
relation to, and possess a firearm in furtherance of, a drug trafficking crime for which the
defendant may be prosecuted in a court of the United States, to wit: possession with the intent to
distribute marijuana, in violation of Title 18, United States Code, Sections 841(a)(1) and
(b)(1)(D) and Title 18, United States Code, Section 2, as set forth in Count Eight of the
Indictment; and possession with the intent to distribute psilocybin, in violation of Title 21,
United States Code, Sections 841(a)(1) and (b)(1)(C) and Title 18, United States Code, Section
2, as set forth in Count Nine of the Indictment, which descriptions of said drug trafficking crimes
are re-alleged and incorporated by reference as if set forth in full herein.

(In violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2).

16

CRIMINAL FORFEITURE

THE GRAND JURY FURTHER FINDS PROBABLE CAUSE THAT:

1. The defendants, if convicted of any of the violations alleged in Counts 1-3 and 7-9 of this Indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2:

   a. Any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of the violation; and

   b. Any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the violation.

2. The defendants, if convicted of any of the violations alleged in this Indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2, any firearm or ammunition involved in or used in the violation.

3. If any property that is subject to forfeiture above is not available, it is the intention of the United States to seek an order forfeiting substitute assets pursuant to Title 21, United States Code, Section 853(p) and Federal Rule of Criminal Procedure 32.2(e).

4. The property subject to forfeiture includes but is not limited to:

   a. A .45 caliber semi-automatic pistol and two 9mm semi-automatic pistols, and any related magazines and ammunition, seized from an address on Wintercress Way in Chesapeake, Virginia, on or about May 13, 2022;

   b. A SCCY 9mm semi-automatic pistol, and any related magazines and ammunition, seized from an address on Magnolia Run in Chesapeake, Virginia, on or about May 26, 2022;

    c.   A Smith & Wesson 9mm semi-automatic pistol, and any related magazines and ammunition, seized from an address on Infinity Lane in Virginia Beach, Virginia, on or about May 26, 2022;

    d.   A teal TP9 SF Elite 9mm semi-automatic pistol, and any related magazines and ammunition, seized from an address on Old College Drive in Suffolk, Virginia, on or about July 26, 2022;

    e.   A Glock 9mm semi-automatic pistol and a Glock 23 .40 caliber semi-automatic pistol, and any related magazines and ammunition, seized from an address on New Town Road in Virginia Beach, Virginia, on or about November 8, 2022.

(In accordance with 21 U.S.C. § 853; 18 U.S.C. § 924(d)(1); and 28 U.S.C. § 2461(c)).



_United States v._ ███████ _et al._
Criminal No. 2:22cr 147

Pursuant to the E-Government Act,
the original of this page has been filed
under seal in the Clerk's Office.

A TRUE BILL:

**REDACTED COPY**

_____
FOREPERSON


JESSICA D. ABER
UNITED STATES ATTORNEY


By:    _Megan M. Montoya_
       Megan M. Montoya
       Assistant United States Attorney
       Attorney for the United States
       United States Attorney's Office
       101 West Main Street, Suite 8000
       Norfolk, Virginia 23510
       Office Number - 757-441-6331
       Facsimile Number - 757-441-6689
       megan.montoya@usdoj.gov

19