

FILED IN OPEN COURT

APR – 7 2023

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 2:22CR147-06 |
| KASHEIM BRYANT, | |
| Defendant. | |

## STATEMENT OF FACTS

The United States and the defendant, KASHEIM BRYANT ("BRYANT") stipulate that the allegations in Counts One and Eleven of the Criminal Indictment and the following facts are true and correct, and that had the matter gone to trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and competent evidence:

1. From approximately Summer 2021 and continuing thereafter up to and including November 8, 2022, in the Eastern District of Virginia and elsewhere within the jurisdiction of this Court, BRYANT knowingly and intentionally participated in a marijuana and psilocybin trafficking conspiracy with others, including codefendants CORTNEY ALLEN CONLEY ("C. CONLEY"), a/k/a "KO," RASHAUN MARCQUEZ JOHNSON ("JOHNSON"), DAVIAN MARCELIS JENKINS ("JENKINS"), LATEYA CONLEY ("L. CONLEY"), JASMINE DENEEN CUFFEE ("CUFFEE"), JAVAID AKHTAR REED ("REED"), and KYRON SPELLER ("SPELLER").

2. Psilocybin is a constituent of "Magic mushrooms" and was sold by the co-conspirators as "Magic mushrooms" and edibles. Psilocybin is a Schedule I controlled substance. Marijuana is a Schedule I controlled substance.

1



3.      The co-conspirators received quantities of marijuana and psilocybin from a source of supply in California and other states, at times via the United States Postal Service. BRYANT and his co-conspirators conspired to distribute and possess with the intent to distribute 100 kilograms or more of a mixture and substance containing a detectable amount of marijuana and a mixture and substance containing a detectable amount of psilocybin.

2.      It was part of the conspiracy that the defendants and co-conspirators would and did play different roles in the conspiracy, taking upon themselves different tasks and participating in the affairs of the conspiracy through various criminal acts. Some of the roles which the defendants and co-conspirators assumed and carried out included, among others, organizer, manager, distributor, packager, advertiser, supplier, and collector. Specifically, C. CONLEY acted as a leader and organizer of the conspiracy. JOHNSON acted as security and doorman at "popup" dispensary locations, which would change and "popup" at new locations during the course of the conspiracy. As a doorman, JOHNSON controlled drug customers' access and entry to the "popup" dispensaries. JENKINS acted as security and engaged in drug sales at "popup" locations. L. CONLEY handled the finances and proceeds from the illegal sales of controlled substances on behalf of the conspiracy. L. CONLEY further assisted C. CONLEY when he was a fugitive from law enforcement after the May 13, 2022 double homicide at the Wintercress Way "popup" location. CUFFEE sought out and rented apartments that served as "popup" locations for the conspiracy. CUFFEE further assisted C. CONLEY when he was a fugitive from law enforcement after the May 13, 2022 double homicide at the Wintercress Way "popup" location. REED acted as a manager and security for various popup locations. BRYANT acted as C. CONLEY's partner, provided security to the conspiracy, and assisted C. CONLEY in reestablishing a "popup" location after the May 13, 2022 double homicide at the Wintercress Way "popup" location. SPELLER



acted as security for various "popup" locations and further assisted C. CONLEY when he was a fugitive from law enforcement after the May 13, 2022 double homicide at the Wintercress Way "popup" location.

4. The co-conspirators established makeshift "popup" marijuana and psilocybin dispensaries at various locations throughout Hampton Roads, including at an apartment on Wintercress Way in Chesapeake, Virginia. The locations often move or "popup" at new locations to avoid detection by law enforcement, would-be robbers, and burglaries. The apartment at Wintercress Way was set up as a makeshift dispensary for the sale and distribution of controlled substances, including marijuana and psilocybin. BRYANT distributed and possessed with the intent to distribute marijuana at various times at the Wintercress Way popup dispensary.

5. Co-conspirators advertised the dispensaries, including the Wintercress Way "popup" dispensary, through social media platforms to obtain customers, including through the application Telegram.[1] Co-conspirators, including BRYANT, were armed throughout the course of the conspiracy to protect the controlled substances and proceeds from the sale of controlled substances at the "popup" dispensary locations. The Wintercress Way "popup" dispensary was equipped with multiple interior-mounted Ring cameras, which were positioned to monitor points of entry and drug sales where cash proceeds were dropped in a secure drop box following transactions.

6. On May 13, 2022, two individuals attempted to rob the Wintercress Way "popup" dispensary. Within the apartment at the time of the attempted robbery were five individuals: JOHNSON, who was working security, C. CONLEY, who was the leader and organizer;

---

[1] Telegram is a cloud-based instant messaging service. The service also provides optional end-to-end encrypted chats and video calling, VoIP, file sharing and several other features.

JENKINS, who was engaged in the sale and distribution of quantities of marijuana and psilocybin; and two other individuals.

7. At approximately 2:50 p.m. on May 13, 2022, two armed subjects wearing ski masks displayed handguns and forced their way into the Wintercress Way "popup" dispensary. As the two subjects entered the residence, they were met with armed resistance from JOHNSON and C. CONLEY. C. CONLEY was armed with a .45 caliber handgun which he brandished and discharged at the two subjects. JOHNSON was armed with a Glock 9mm semi-automatic pistol, which he brandished and discharged at the two subjects. Gunfire was exchanged with rounds entering neighboring residences. One of the subjects fell dying in the foyer of the residence and the second subject was repeatedly shot with a large caliber handgun multiple times, immobilizing his arms as he attempted to reach for the door handle to flee the residence. Both subjects were left dying in the foyer blocking the front door of the apartment. JENKINS took a firearm from one of the subjects and pistol-whipped the subject as he lay dying in the foyer. JOHNSON, C. CONLEY and JENKINS fled the apartment. BRYANT was present at the Wintercress "popup" dispensary shortly before the shootout, and he learned of the shootout afterwards.

8. Over the next several months, law enforcement executed a series of search warrants at residences associated with co-conspirators. C. CONLEY fled from law enforcement until he was apprehended on November 8, 2022. While C. CONLEY was on the run, BRYANT assisted C. CONLEY in reestablishing a "popup" dispensary in Virginia Beach, at an address located on Newtown Arch.

9. On November 8, 2022, law enforcement conducted surveillance at the Newtown Arch "popup" dispensary. The investigative team observed BRYANT arrive to the location. The investigative team further observed multiple suspected customers coming and going from the



"popup" dispensary with bags of suspected marijuana. Members of the investigative team ordered C. CONLEY and BRYANT to come out of the apartment. C. CONLEY attempted to flee by jumping from a window and was apprehended by investigators. BRYANT ignored commands from law enforcement and remained inside the residence for an extended period of time. After negotiations, BRYANT exited the apartment. A search warrant was secured for the residence. BRYANT was detained pending the execution of the search warrant and found in possession of two cellular devices and a black leather gun holster.

10. The "popup" dispensary located at Newtown Arch was a two-bedroom, one bathroom apartment on the second floor of a multifamily structure. The apartment was purposed for the sale and distribution of controlled substances with folding tables set up in the bedrooms, consistent with the setup of the Wintercress "popup" dispensary. Quantities of marijuana and psilocybin were recovered from the "popup" dispensary. Law enforcement also recovered a Glock 9mm semi-automatic pistol and a Glock 23 .40 caliber semi-automatic pistol underneath couch cushions inside the "popup" dispensary. BRYANT had previously brought both Glock firearms into the residence to protect the controlled substances and proceeds. On November 8, 2022, BRYANT possessed with the intent to distribute marijuana and psilocybin and aided and abetted the possession with the intent to distribute marijuana and psilocybin. BRYANT further possessed the above-noted firearms in furtherance of the drug trafficking crime at the Newtown Arch "popup" dispensary, as stated in Count Eleven of the Indictment (ECF No. 6).

11. As described herein, on or about November 8, 2022, at Virginia Beach, within the Eastern District of Virginia, the defendant, KASHEIM BRYANT, did knowingly use, carry, brandish, and discharge a firearm during and in relation to, and possess a firearm in furtherance



of, a drug trafficking crime for which the defendant may be prosecuted in a court of the United States.

12. The parties agree that the quantities of controlled substances involved in the conspiracy attributable to the defendant as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to the defendant are at least 100 kilograms of marijuana and a mixture and substance containing a detectable amount of psilocybin.

13. Chesapeake and Virginia Beach are located within the Eastern District of Virginia.

14. The acts taken by the defendant, KASHEIM BRYANT, in furtherance of the offenses charged in this case, including the acts described above, were done willfully and knowingly with the specific intent to violate the law. The defendant acknowledges that the foregoing statement of facts is a partial summary of the case and does not describe all of the defendant's conduct relating to the offenses charged in this case, nor does it identify all of the persons with whom the defendant may have engaged in illegal activities.

Respectfully submitted,

Jessica D. Aber
United States Attorney

By: _____
Megan M. Montoya
Assistant United States Attorney

*UNITED STATES v. KASHEIM BRYANT*, 2:22cr147

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, KASHEIM BRYANT, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
KASHEIM BRYANT
Defendant

I am counsel for KASHEIM BRYANT. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Lawrence H. Woodward, Jr.
Attorney for KASHEIM BRYANT