UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CORTNEY ALLEN CONLEY,<br><br>Defendant. | Criminal No. 2:22cr147-01 |

### ORDER

Pending before the Court is a Motion to Dismiss for Failure to State an Offense (the "Motion") by Defendant Cortney Allen Conley. ECF No. 284. For the following reasons, the Motion (ECF No. 284) is **DENIED**.

### I.  BACKGROUND

#### A.  Factual Allegations Against Defendant

The Government alleges the following information in the Superseding Indictment. ECF No. 150. Between January 2020 and November 2022, Defendant Cortney Allen Conley ("Defendant" or "Mr. Conley") managed a large-scale, interstate drug trafficking organization principally based in the Hampton Roads region that generated hundreds of thousands of dollars in illicit revenue from controlled substance sales. *Id.* at 2. The drug trafficking organization primarily sold marijuana and psilocybin and operated drug "popup" dispensary shops at various locations during the course of the conspiracy. *Id.* Mr. Conley employed couriers, security, doormen,

1

advertisers, and lower-level retail controlled-substance dealers as part of the organization. *Id.*

On May 13, 2022, two armed individuals attempted to rob a drug popup shop at an address on Wintercress Way in Chesapeake, Virginia. *Id.* at 5. Defendant and a co-conspirator discharged firearms during a gun battle with the two individuals, which resulted in the two individuals' deaths. *Id.* Immediately after the gun battle, Defendant and two other co-conspirators removed controlled substances, drug proceeds, and firearms from the Wintercress Way popup shop. *Id.* The investigation of Defendant and his co-conspirators in the drug trafficking organization began as a result of the two armed individuals' deaths.

### B. Procedural History

On December 7, 2022, a grand jury returned an eleven-count Indictment against Defendants Cortney Allen Conley, Rashaun Marcquez Johnson, Davian Marcelis Jenkins, Lateya Conley, Jasmine Deneen Cuffee, Kasheim Bryant, Javaid Akhtar Reed, and Kyron Speller. ECF No. 6. The Indictment charged Mr. Conley with six counts in relation to a marijuana and psilocybin distribution conspiracy. *Id.* On April 19, 2023, a grand jury returned an eighteen-count Superseding Indictment against all previously listed defendants (except Kasheim Bryant, who had already pleaded guilty) and additional Defendants Terrance Spencer Alexander, Corey Melic Blackwell, and Aaron Hunter. ECF No. 150. In the Superseding Indictment, Mr. Conley was charged with the following counts:

1. Count One: Conspiracy to Distribute and Possess with Intent to Distribute Marijuana and Psilocybin, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B);

2. Count Two: Possession with Intent to Distribute Marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D);

3. Count Three: Possession with Intent to Distribute Psilocybin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C);

4. Count Four: Possession, Brandish and Discharge of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c);

5. Count Six: Possession with Intent to Distribute Marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D);

6. Count Seven: Possession with Intent to Distribute Psilocybin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C);

7. Count Eight: Possession, Brandish and Discharge of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c); and

8. Count Nine: Continuing Criminal Enterprise, in violation of 21 U.S.C. § 848.

Superseding Indictment at 1, ECF No. 150. As of the date of this Order, seven defendants have pleaded guilty. Four defendants, including Defendant Conley, have pleaded not guilty.

On July 21, 2023, Mr. Conley filed a Motion to Dismiss for Failure to State an Offense. ECF No. 284. He requests that the Court dismiss Count Nine of the Superseding Indictment for failing to adequately allege a continuing criminal enterprise. *Id.* at 1. The Government filed a Response in Opposition on July 31, 2023. ECF No. 293. Mr. Conley filed a Reply on August 3, 2023. ECF No. 297. The Motion is ripe for adjudication. The Court has determined that a hearing on the Motion is unnecessary,

as the issues for decision are adequately presented in the briefs. *See* E.D. Va. Local Crim. R. 47(J).

## II. LEGAL STANDARD

### A. Motion to Dismiss Indictment

Federal Rule of Criminal Procedure 7(c)(1) provides that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). "To pass constitutional muster, an indictment must (1) indicate the elements of the offense and fairly inform the defendant of the exact charges and (2) enable the defendant to plead double jeopardy in subsequent prosecutions of the same offense." *United States v. Williams*, 152 F.3d 294, 299 (4th Cir. 1998) (citing *United States v. Sutton*, 961 F.2d 476, 479 (4th Cir. 1992)). The indictment at issue must also contain a statement of essential facts constituting the offense charged. *United States v. Spirito*, No. 4:19cr43, 2020 WL 201643, at *1 (E.D. Va. Jan. 13, 2020) (citing *United States v. Perry*, 757 F.3d 166, 171 (4th Cir. 2014)). "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the [offense] intended to be punished." *Perry*, 757 F.3d at 171 (cleaned up).

When considering a motion challenging the sufficiency of an indictment, a court is limited to the allegations contained in the indictment. *Spirito*, 2020 WL 201643, at *2 (citing *United States v. Engle*, 676 F.3d 405, 415 (4th Cir. 2012)). "Courts lack the authority to review the sufficiency of evidence supporting an

4

indictment and may not dismiss on a determination of facts that should have been developed at trial." *Id.* (citing *Engle*, 676 F.3d at 415).

### B. Motion for a Bill of Particulars

Federal Rule of Criminal Procedure 7(f) provides that "[t]he court may direct the government to file a bill of particulars." Fed. R. Crim. P. 7(f). "A bill of particulars is appropriate when an indictment fails to provide adequate information to allow a defendant to understand the charges and to avoid unfair surprise." *United States v. Gibson*, 327 F. App'x 391, 392 (4th Cir. 2009) (citing *United States v. Am. Waste Fibers Co.,* 809 F.2d 1044, 1047 (4th Cir. 1987)). The purpose of a bill of particulars under Rule 7(f) "is to fairly apprise the defendant of the charges against him so that he may adequately prepare a defense and avoid surprise at trial . . . not . . . to provide detailed disclosure of the government's evidence in advance of trial." *United States v. Fletcher*, 74 F.3d 49, 53 (4th Cir. 1996) (internal quotation marks and citation omitted); *see also United States v. Hamidullin,* No. 3:14cr140; 2015 WL 4393393, at *9 (E.D. Va. July 14, 2015). "A bill of particulars is unnecessary when 'it appears that defendants are sufficiently apprised through discovery of the facts and circumstances of the offense.'" *Hamidullin*, 2015 WL 4393393, at *9 (quoting *United States v. Cuong Gia Le*, 310 F. Supp. 2d 763, 781 (E.D. Va. 2004) (citations omitted)). Whether or not to grant a motion for a bill of particulars is within the sound discretion of the district court. *United States v. Anderson*, 481 F.2d 685, 690 (4th Cir. 1973).

### C. 21 U.S.C. § 848 – Continuing Criminal Enterprise

Title 21, Section 848(a) of the United States Code forbids any person from engaging in a continuing criminal enterprise. 21 U.S.C. § 848(a); *see Richardson v. United States*, 526 U.S. 813, 815 (1999). A person is engaged in a continuing criminal enterprise if:

> (1) he violates any provision of [the federal drug laws, *i.e.*,] this subchapter or subchapter II the punishment for which is a felony, and
>
> (2) such violation is a part of a continuing series of violations of [the federal drug laws, *i.e.*,] this subchapter or subchapter II—
>
>> (A) which are undertaken by such person in concert with five or more other persons with respect to whom such person occupies a position of organizer, a supervisory position, or any other position of management, and
>>
>> (B) from which such person obtains substantial income or resources.

21 U.S.C. § 848(c).

## III. ANALYSIS

### A. The Superseding Indictment sufficiently alleges a continuing series of violations.

Defendant first argues that the Superseding Indictment does not adequately charge a continuing criminal enterprise pursuant to 21 U.S.C. § 848 because it fails to allege at least three drug-related violations that comprise the "continuing series of violations." Mem. Supp. Mot. Dismiss at 2–3, ECF No. 285. "It has been consistently held that it is sufficient in a continuing criminal enterprise charge if the indictment tracks the statute." *United States v. Amend*, 791 F.2d 1120, 1125 (4th Cir. 1986) (citing *United States v. Lurz*, 666 F.2d 69, 78 (4th Cir. 1981)). Although the Government

must prove beyond a reasonable doubt that a defendant engaged in at least three violations to convict the defendant of 21 U.S.C. § 848, *see id.* at 1126, Mr. Conley fails to cite to any Fourth Circuit case law indicating that an indictment charging continuing criminal enterprise must list precisely which three violations the Government will seek to prove at trial. The Superseding Indictment alleges the following information about the series of violations with respect to the continuing criminal enterprise count:

> [H]e knowingly and intentionally violated Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1), which violations include, but are not limited to, the substantive violations alleged in Counts Two, Three, Six, and Seven of this Superseding Indictment, which are re-alleged and incorporated as if set forth herein, and which violations were part of a continuing series of violations of the Controlled Substances Act, Title 21, United States Code, Section 801 *et seq.*, . . .

Superseding Indictment at 19, ECF No. 150. The Superseding Indictment tracks the language of 21 U.S.C. § 848(c) and is sufficient to inform Defendant of the charges against him.[1]

---

[1] In *Amend*, the Fourth Circuit found the following language sufficient to allege a continuing criminal enterprise charge in the indictment:

> [The defendant] did engage in a Continuing Criminal Enterprise in that she did violate Title 21, United States Code, Sections 841(a)(1), 846, 952, 960, and 963, which violations were part of a continuing series of violations of said statutes undertaken by said defendant in connection with at least five other persons, with respect to whom the defendant occupied a position of organizer, supervisor, or manager, and from which continuing series of violations the defendant obtained substantial income and resources . . . .

791 F.2d at 1125. The Court finds that the language of the indictment in *Amend* is not meaningfully different from the language in the Superseding Indictment.

The Second Circuit recently confronted and rejected the exact same argument in *United States v. Montague*, 67 F.4th 520 (2d Cir. 2023). While both parties in *Montague* agreed that "the violations composing a continuing series are elements of the [continuing criminal enterprise] offense and must appear in the indictment," they disagreed on "the level of detail with which the violations must appear." 67 F.4th 520, 529 (2d Cir. 2023). The defendant argued that "an adequate [continuing criminal enterprise] charge must include sufficient factual detail to put the defendant on notice of precisely which three acts the government will seek to prove at trial that constitute the continuing series of violations." *Id.* The Second Circuit disagreed and found that the indictment, which only referenced a "continuing series of felonies [that] were violations of §§ 841(a)(1) and 846," was sufficient to allege the violations that compose the continuing series of violations. *Id.* at 530. The fact that the defendant was only charged with one other count that could qualify as one of the three violations made no difference; there was no requirement that the indictment also include the three violations as separate charges as well. *See id.* The Court finds the reasoning in *Montague* persuasive and, given that the language in Mr. Conley's indictment is not meaningfully different from the language in the *Amend* and *Montague* indictments, finds that the language alleging a continuing series of violations sufficiently placed Mr. Conley on notice of his charges.

**B. The Court declines to grant a bill of particulars for the three violations.**

In the alternative, Mr. Conley requests that the Court grant him a bill of particulars that articulates the underlying substantive violations. A court should grant

8

a bill of particulars when "an indictment fails to provide adequate information to allow a defendant to understand the charges and to avoid unfair surprise." *Gibson*, 327 F. App'x at 392 (citing *Am. Waste Fibers Co.,* 809 F.2d at 1047). Here, the Court finds that a bill of particulars that articulates the underlying substantive violations is not necessary. The Superseding Indictment provides adequate information to allow Mr. Conley to understand the continuing criminal enterprise charge against him. As discussed above, the language of Count Nine "essentially tracked the statutory definition of the offense and hence satisfies basic constitutional guarantees." *United States v. Tipton*, 90 F.3d 861, 884 (4th Cir. 1996) (citing *Amend*, 791 F.2d at 1125). Mr. Conley "cannot claim any unfair surprise under the particular circumstances of this case from the failure of the indictment specifically to identify in [the continuing criminal enterprise charge] the predicate violations . . . upon which the Government's proof would focus." *Id.*

Like in *Tipton*, the general allegations and other counts in the Superseding Indictment protect Mr. Conley from unfair surprise. *Id.* ("In the absence of a bill of particulars, sufficient protection against unfair surprise may be found in allegations in other counts of an indictment than that whose sufficiency is directly challenged."). Mr. Conley is alleged to have managed a drug trafficking organization that set up various drug popups in the Hampton Roads region. Superseding Indictment at 2, ECF No. 150. Count Nine specifically references the substantive violations alleged in Counts Two, Three, Six, and Seven of the Superseding Indictment. *Id.* at 19. Counts Two and Three allege that Mr. Conley possessed with intent to distribute marijuana

9

and psilocybin on May 13, 2022, and Counts Six and Seven allege the same on November 8, 2022. *Id.* at 12–13, 16–17. These counts place Mr. Conley on notice of violations that the Government alleges he was directly involved in as part of the continuing criminal enterprise.

The general allegations in the Superseding Indictment further include references to a drug popup shop located on Providence Road in 2021, various temporary drug popup shops located in Airbnb rentals between May 13, 2022 and November 8, 2022, and a drug popup shop located on Newtown Arch on November 8, 2022. *Id.* at 4–5. Count One also charges Mr. Conley with Conspiracy to Distribute and Possess with the Intent to Distribute Marijuana and Psilocybin. *Id.* at 6. The allegations in relation to Count One discuss the July 2021 Providence Road popup; the Wintercress Way popup, which allegedly began sometime in 2021; the Baker Road popup; the Breakwater Court popup; the Newtown Arch popup; the "shop menu" Short Message Service (SMS) messages sent on September 15, 2021, October 26, 2021, and January 14, 2022; the May 13, 2022 attempted robbery and double homicide at the Wintercress Way popup; and the May 2022 delivery of a bag containing popup containers of marijuana on behalf of Mr. Conley. *Id.* at 6–11. The Superseding Indictment gives ample notice of the potential predicate drug-related violations that the Government intends to rely on at trial.[2] *See Tipton*, 90 F.3d at 883–84 (finding that a continuing

---

[2] Defendant's argument that the Government may not use the general allegations, Count One, or Count Five is not persuasive. *See Tipton*, 90 F.3d at 884 ("In the absence of a bill of particulars, sufficient protection against unfair surprise may be found in allegations in other counts of an indictment than that whose sufficiency is directly challenged."); *Montague*, 67 F.4th at 529–30 (indicating that the violations

10

criminal enterprise charge alleging violations, including but not limited to violations alleged in the indictment, which were part of a continuing series of violations was sufficient to give ample notice of all the predicate drug-related violations relied upon by the Government at trial).

Finally, the Court considers that the Government has provided five batches of discovery to Defendant with information related to the continuing criminal enterprise charge, including evidence from the Providence Road popup, Wintercress Way popup, Baker Road popup, and Breakwater Court popup. Resp. Opp'n at 2, 6, ECF No. 293. Other pieces of evidence that Defendant received from the Government include information about the controlled substances recovered from multiple locations and postal and banking records, along with his awareness that several of his co-conspirators may testify about this evidence at trial. *Id.* at 6. The Government also provided its intended Exhibit 6-7 showing an image of sixty-two raffle tickets that Mr. Conley's enterprise allegedly issued to every customer who completed a drug purchase. *Id.* at 2–3. The Court finds that the Government has provided sufficient information through the Superseding Indictment, discovery, and its representations in the Response in Opposition to this Motion, such that Mr. Conley is protected from unfair surprise.

Defendant's argument relating to Federal Rule of Evidence 404(b) is also not persuasive. Federal Rule of Evidence 404(b)(1) provides that "[e]vidence of any other

---

that compose the series of violations in a continuing criminal enterprise charge do not need to be separately charged counts).

11

crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, "Rule 404(b) does not apply to intrinsic acts." *United States v. Chin*, 83 F.3d 83, 88 (4th Cir. 1996). "Other criminal acts are intrinsic when they are 'inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged.'" *Id.* (quoting *United States v. Lambert*, 995 F.2d 1006, 1007 (10th Cir. 1993)).

In the context of the continuing criminal enterprise charge, if the alleged violations are an inherent part of Mr. Conley's alleged criminal enterprise, Rule 404(b) would not apply to any evidence of the violations, regardless of whether the conduct is charged separately in the Superseding Indictment. *Id.* (finding that Rule 404(b) does not apply because testimony of prior murder was an integral part of the defendant's criminal enterprise, including his heroin business); *see also United States v. Rhodes*, 779 F.2d 1019, 1029 (4th Cir. 1985) (same because evidence of two Ferrari automobile cash purchases for the defendant's mistress was relevant to proving that the defendant obtained substantial income or resources as part of a continuing criminal enterprise). Defendant does not point to any case law requiring that the Government articulate the totality of the underlying substantive violations in order to prevent the admission of other uncharged conduct. As such, the Court declines to require

12

that the Government provide a bill of particulars to identify the series of violations in the continuing criminal enterprise charge.[3]

## IV.   CONCLUSION

For the foregoing reasons, the Motion to Dismiss for Failure to State an Offense (ECF No. 284) is **DENIED**. The Clerk is **REQUESTED** to forward a copy of this Order to counsel of record for all parties.

**IT IS SO ORDERED.**

/s/
Arenda L. Wright Allen
United States District Judge

September 1, 2023
Norfolk, Virginia

---

[3] The Court notes as further protection that the Government has been ordered to provide written notice to Defendant, no later than ten business days before trial, of the permitted purpose and reasoning supporting the admissibility of any evidence of other crimes, wrongs, or acts of Defendant which it intends to introduce at trial, in accordance with Rule 404(b)(3). *See* Order, ECF No. 302.