IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br> )<br>v. )<br> )<br>CORTNEY ALLEN CONLEY, et al., )<br> )<br>Defendants. ) | Criminal No. 2:22cr147 |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO**
**MOTION TO CONTINUE TRIAL (ECF No. 326)**

The United States of America, through its undersigned counsel, respectfully files this response in opposition to the Defendants' pending Motion to Continue Trial. (ECF No. 326). For the reasons set forth below, the defendant's motions should be denied. In support of its position, the Government states as follows:

**Factual and Procedural Background**

On December 7, 2022, a federal grand jury returned an eleven-count indictment charging eight defendants, including Cortney Allen Conley ("C. Conley") for their roles in an ongoing marijuana and psilocybin trafficking conspiracy. ECF No. 6. Defendant C. Conley's initial appearance was held on December 22, 2022. ECF No. 98.

On April 19, 2023, a federal grand jury returned an eighteen-count superseding indictment charging ten defendants, including C. Conley, Javaid Akhtar Reed ("Reed"), Kyron Speller ("Speller"), and Terrance Spencer Alexander ("Alexander") for their roles in the same conspiracy. ECF No. 150.

A jury trial is set for September 19, 2023. ECF Nos. 119 & 197.

The government has provided discovery to defense in seven waves. Production 1 (a preview of certain materials contained in Production 2, including a 93 page report outlining

locations searched and evidence seized) was produced to defense in January 2023 & on June 1, 2023 (later production provided to Defendant Alexander after he was added as a defendant to the Superseding Indictment). Production 2, which contains the majority of the government's discovery was produced on February 27, 2023 & and July 13, 2023 (later production provided to Defendant Alexander). The majority of the materials in Production 2 were produced with a keyword searchable database.  Productions 3 & 4 were made available to defense on July 7, 2023. Production 5, consisting of postal records, was produced to all defense counsel via email on August 23, 2023, as depicted below:



In this email, undersigned counsel also produced an excel spreadsheet summary chart the government intends to offer into evidence at trial as an early trial exhibit. At Counsel for C. Conley's request, the government forwarded this production and excel spreadsheet to a member of counsel's office later the same day. Counsel for Alexander represents that she conducted an "exhausted search" but could not locate Production 5. It is unclear what this search involved, but the search did not include contacting undersigned counsel until last night, minutes after this motion to continue was filed. Undersigned counsel provided the above email to Counsel for

Defendant Alexander last night. Similarly, it is unclear why counsel for Defendant C. Conley filed this motion on behalf of all the defendants representing that Defendant Alexander had not received Production 5, when counsel for Defendants C. Conley, Reed and Speller were each included on the Production 5 email to Defendant Alexander's counsel and counsel for Defendant C. Conley emailed undersigned counsel about this production. Undersigned counsel confirmed this morning that hard drives containing Productions 5, 6, and 7 are available for defense counsel for Alexander and Speller, and counsel for C. Conley and Reed have already received these Productions. It is unclear why Defense Counsel claim that "the Government's Fifth and Sixth production of evidence has not been made available to counsel for Alexander," ECF No. 326, p. 3, when it is available for pick up at the U.S. Attorney's Office.

      On September 1, 2023, Counsel for Defendant C. Conley advised the government via email that all four Defendants had verbally agreed to a series of stipulations, including the authenticity of the mail carrier records contained in Production 5. Based on this stipulation, it does not appear that there are threshold objections to the Production 5 materials.

      Production 6 consists of three video files that were entered into evidence at Defendant C. Conley's motion to suppress hearing held on August 15, 2023 (received by the Court at the hearing as Government's Exhibit 12) and are a reproduction of files from Production 2. Counsel for Defendant C. Conley has indicated that the defendants will stipulate to the cellphone extraction for these videos, among other evidence. It does not appear there are threshold objections to the Production 6 videos.

      Production 7 consists of Cash App receipts, two additional phone extractions, Defendant Alexander's certified conviction records (which were previously provided to counsel for Alexander via email on August 28, 2023), and a 4473 form confirming that Defendant Speller

purchased one of the firearms used by coconspirators during the Wintercress shootout (which were previously provided to counsel for Speller via email on July 18, 2023).

The government takes its discovery obligations seriously and has assisted defense counsel in navigating the voluminous discovery materials, including in separate reverse proffers to defense counsel for Defendants C. Conley, Alexander and Speller. The government has also provided pinpoint discovery to defense counsel for Defendant Reed.

With regard to Defendant C. Conley, the government has met with counsel for Defendant C. Conley in person on multiple occasions, including most recently on August 24, 2023, after a second attorney joined Defendant C. Conley's defense team. Undersigned counsel also met with defense counsel for C. Conley, Defendant C. Conley, and members of the investigative team on January 13, 2023, to discuss plea negotiations.

With regard to Defendant Speller, the government met with counsel and case agents on January 20, 2023 for a reverse proffer, and later met with Defendant Speller and counsel for a reverse proffer on May 15, 2023, during which case agents outlined the evidence against Defendant Speller and discussed the Superseding Indictment with him.

With regard to Defendant Alexander, the government met with counsel for Defendant Alexander on July 19, 2023. During the meeting, counsel for Defendant Alexander requested pinpoint discovery of the three video files from the Providence Road attempted robbery. Undersigned counsel immediately emailed the video files to counsel for Defendant Alexander. The government then met with counsel and Defendant Alexander on August 3, 2023 for a reverse proffer during which the government outlined its evidence against Defendant Alexander, and during which counsel was able to ask questions of the lead FBI Special Agent, who the government anticipates will testify at trial.

The government has continued to provide via email early access to marked trial exhibits and certain Jencks materials as the trial date approaches, in advance of the trial deadlines. Moreover, the government has an interest in proceeding to trial as scheduled on September 19, 2023, including the need to ensure the safety of cooperators and civilian witnesses and the hardship that would result if the government had to reissue subpoenas to its witnesses. Since the inception of this case, the United States has worked to provide the defendants with discovery well in advance of deadlines, has provided pinpoint discovery as requested, has provided defense counsel access to investigators who will be trial witnesses, and has made additional discovery available to the defendants. Therefore, defense counsel has failed to establish sufficient grounds to justify a continuance.

## Conclusion

The United States has provided early and continued access to its discovery and has made itself available to answer questions posed by defense counsel. Contrary to Defendant Alexander's claims, Production 5 was provided to all defendants on August 23, 2023. Production 6 is a reproduction of a portion of Production 2 and only contains three video files. Production 6 has been produced or is available to all defendants. Given these facts, a trial continuance is not warranted, and defendants' motion to continue should be denied.

Respectfully Submitted,

JESSICA D. ABER
UNITED STATES ATTORNEY

By:      /s/
Megan Montoya
Assistant United States Attorney
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
Office: 757-441-6331

          Fax: 757-441-6689  
          Email: Megan.Montoya@usdoj.gov

### **CERTIFICATE OF SERVICE**

I certify that on September 6, 2023, I electronically filed a copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

      By:      /s/  
              Megan M. Montoya  
              Assistant United States Attorney