IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Norfolk Division*

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 2:22-cr-147 |
| COREY MELIC BLACKWELL, | |
| Defendant. | |

## RESPONSE TO DEFENDANT'S COUNSEL'S MOTION TO WITHDRAW

The United States, by and through its attorneys, Jessica D. Aber, United States Attorney

for the Eastern District of Virginia, and Megan M. Montoya, Assistant United States Attorney,

hereby responds to the motion to withdraw filed by the counsel for defendant COREY MELIC

BLACKWELL.   ECF No. 360.   As defense counsel noted, the United States does not object to

the motion, and notes the legal standard which will be applicable at the hearing in this matter,

scheduled for May 1, 2024:

1.      The defendant's motion indicates that "[d]efendant has filed a pro se letter with

the Court moving for the withdrawal of Counsel for the Defendant."   ECF No. 361 at 1.   The

Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right .

. . to have the Assistance of Counsel for his defence."   However,

"the right to counsel of choice does not extend to defendants who require counsel to

be appointed for them."   *United States v. Gonzalez-Lopez*, 548 U.S. 140, 151 (2006).

Therefore, because "a defendant does not have an absolutely right to substitution of counsel . . . a

defendant must show good cause in requesting a new appointed lawyer."   *United States v.*

*Mullen*, 32 F.3d 891, 895 (4th Cir. 1994).

2.      "[T]he trial court has the discretion to determine whether a defendant's motion for

substitution of counsel should be granted." *Id.* Assuming the defendant confirms at a hearing that it is his wish to discharge his appointed counsel, in considering his request the Court should consider three factors: 1) the timeliness of the motion, 2) the adequacy of the court's inquiry into the defendant's complaint, and 3) whether the attorney/client conflict is so great that it has resulted in "total lack of communication preventing an adequate defense." *Id.*

3.      Regarding the first factor, the instant motion was filed after the defendant entered a guilty plea and this Court accepted his plea.   ECF Nos. 255 and 291.   Sentencing is currently set for July 12, 2024.   The United States submits that this motion is timely and the United States would not be prejudiced if counsel's motion was granted.

4.      As to the second factor, assuming a thorough inquiry is conducted at a hearing regarding the bases for the defendant's request, this factor would weigh in favor of the instant motion.

5.      The third factor also requires exploration at a hearing.   The motion makes a preliminary showing of a lack of communication between the defendant and his current counsel, describing a disagreement "so severe that communication with the Defendant has ceased completely" and noting that the "attorney-client relationship has completely broken down." ECF No. 361 at 1.   On the other hand, many, if not all, of the defendant's complaints regarding his counsel, who is highly experienced, do not appear to be well-founded, and thus cannot amount to good cause.

6.      Although this is the defendant's first substitution motion, he must nonetheless show good cause for his request.   *See United States v. Smith*, 640 F.3d 580, 598 (4th Cir. 2011) (upholding district court's denial of first substitution motion where its "inquiry was thorough and demonstrated a genuine sensitivity to [the defendant]'s concerns").   A hearing is necessary to

establish whether such good cause exists.

Respectfully submitted,

JESSICA D. ABER
UNITED STATES ATTORNEY


By: _____/s/_____
    Megan M. Montoya
    Assistant United States Attorney
    United States Attorney's Office
    101 West Main Street, Suite 8000
    Norfolk, VA 23510
    Office Number - 757-441-6331
    Facsimile Number - 757-441-6689
    E-Mail Address - megan.montoya@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on March 13, 2024, I electronically filed the foregoing motion with the

Clerk of Court using the CM/ECF system, which will serve all counsel of record.


By:     /s/
        _____
        Megan M. Montoya
        Assistant United States Attorney
        United States Attorney's Office
        101 W. Main St., Suite 8000
        Norfolk, Virginia 23510
        Office:   (757) 441-6331
        Fax:      (757) 441-6689
        Email:    megan.montoya@usdoj.gov