IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | Case No. 2:22cr147 |
| ) | |
| CORTNEY ALLEN CONLEY, et al., ) | |
| ) | |
| Defendants.    ) | |

UNITED STATES' REPLY MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE*
TO PROHIBIT TESTIMONY AND ARGUMENTS RELATED TO SELF-DEFENSE

The case law in the Fourth Circuit is clear: "As a matter of law, self-defense is irrelevant to a section 924(c) violation.'" *United States v. Sloley*, 19 F.3d 149, 153 (4th Cir. 1994). In his response in opposition to the government's motion *in limine* to prohibit anticipated self-defense arguments, defendant Cortney Conley argues that the Fourth Circuit's unambiguous holding should not apply here for two reasons, both of which are without merit. For the reasons explained in the government's motion *in limine* and as further outlined below, any evidence of or reference to self-defense as to a defense to the 924(c) charges should be excluded and defendant's request for a self-defense instruction should be denied.

I.  **Fourth Circuit precedent establishes that self-defense is irrelevant as a defense to a § 924(c) violation.**

First, defendant argues that the facts in this case are distinguishable from those in *Sloley*, claiming that "the main premise of the *Sloley* holding is the Fourth Circuit's finding that [the defendant's] use of the firearm aided in his effort to avoid arrest for the drug offenses." ECF No. 381 at 4. To the contrary, the Fourth Circuit's holding was not limited to the facts of *Sloley*. In upholding the district court's rejection of defendant's request for a self-defense instruction because it did not accurately state the law, the court unequivocally stated that "*[a]s a matter of law*, 'self-defense is irrelevant to a section 924(c) violation.'" *Sloley*, 19 F.3d at 153. (emphasis added). In

1

support of its holding in *Sloley*, the Fourth Circuit quoted the similarly unambiguous holding from *United States v. Johnson*: "[o]nce the association between the use of firearms and drug trafficking is shown, any additional finding that self defense motivated use of the firearms is not relevant to a conviction under 924." *Id.* (quoting *United States v. Johnson*, 977 F.2d 1360, 1378 (10th Cir. 1992)). In *Johnson*, as in this case, defense counsel argued that "a self-defense instruction would have allowed the jury to properly consider" the "theory that appellants took up arms to protect themselves from armed, camouflaged intruders … ." 977 F.2d at 1377. However, the Court held that the district court properly rejected a self-defense instruction because the statute is intended to "deter even the mere association of firearms with illegal activities such as drug trafficking." *Id.* at 1378 (recognizing that drug traffickers are "motivated to carry firearms in order to protect themselves, protect their drug trafficking operations, and intimidate" others).

Moreover, courts throughout the Fourth Circuit, have continued to apply *Sloley* and it's reasoning in a variety of factual circumstances. *See, e.g., United States v. Starr*, 68 F.3d 462 (4th Cir. 1995) (finding that self-defense was not relevant to § 924(c) for a defendant who used and carried a gun to protect marijuana on his property); *United States v. Lyttle*, No. 9:15-CR-00121, 2017 WL 492201, at *1 (D.S.C. Feb 7. 2017) (denying a defendant's motion to allow self-defense arguments in § 924(c) prosecution); *United States v. Heyward*, No. 2:16-CR-00940, 2018 WL 3329019, at *4 (D.S.C. July 6, 2018) (noting that the Fourth Circuit has held the assertion of self-defense is unavailable to a defendant charged with use of firearms in furtherance of a drug trafficking crime under § 924(c)); *United States v. Hill*, No. 3:20-CR-179, 2020 WL 7317144, at *6 (W.D.N.C. Dec. 11, 2020) (denying a petitioner's § 2255 motion and recognizing that the Fourth Circuit has unequivocally held "self-defense does not legally apply to a § 924(c) violation"); *see also United States v. King*, 270 Fed. App'x 261 (4th Cir 2008) (upholding the §

2

924(c) convictions of police officers who stole drugs and drug proceeds while possessing service revolvers that "were accessible, fully loaded, always on their person, available for self-defense, and near drugs.").

## II. Second Amendment jurisprudence does not recognize a defendant's right to unlawfully use firearms in furtherance of drug trafficking.

Second, defendant erroneously asserts that this Court should not follow *Sloley* or any of the subsequent case law from within the Fourth Circuit in light of *District of Columbia v. Heller*, 554 U.S. 570 (2008), *McDonald v. Chicago*, 561 U.S. 742 (2010), and *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), and improperly argues for an "absolute constitutional right" to have a gun for self-defense. ECF No. 381 at 6-9. However, this assertion is misguided because courts have consistently upheld restrictions against illegal gun possession, including possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). *See United States v. Snead*, 647 F. Supp. 3d. 475, 479 (W.D. Va. 2022) (rejecting a defendant's Second Amendment arguments in a § 924(c) prosecution); *United States v. Ingram*, 623 F. Supp. 3d 660, 664 (D.S.C. 2022) (recognizing that *Heller* and its progeny prohibit the use of firearms by non-law-abiding citizens for unlawful purposes because the Second Amendment protects only lawful activities).

While the Supreme Court has recognized an individual right to possess and carry certain firearms, "'it cannot seriously be contended that the Second Amendment guarantees a right to use a firearm *in furtherance of drug trafficking*." *Snead*, 647 F. Supp. 3d. at 479 (emphasis in original); *United States v. Potter*, 630 F.3d 1260, 1261 (9th Cir. 2011); *United States v. Bryant,* 711 F.3d 364, 370 (2d. Cir. 2013) (holding that the "Second Amendment does not protect the *unlawful* purpose of possessing a firearm in furtherance of a drug trafficking crime" because once the defendant "engaged in an illegal home business ... he was no longer a law-abiding citizen using

3

the firearm for a lawful purpose."). The Supreme Court opinions in *Heller, McDonald,* and *Bruen* protect the rights of law-abiding citizens "in contrast [with a defendant] charged with possession of a firearm in furtherance of a drug trafficking crime." *Snead*, 647 F. Supp. 3d. at 479.

There is no Second Amendment right to possess or carry a firearm while engaging in criminal activity, like drug distribution. To the contrary, the Supreme Court has emphasized that the constitutional right is tied specifically to firearm possession and use for lawful purposes by law-abiding citizens. *See, e.g., District of Columbia v. Heller*, 554 U.S. 570, 625 (2008) ("[T]he Second Amendment does not protect those weapons not typically possessed by *law-abiding citizens for lawful purposes* ... .") (emphasis added); *id*. at 620 ("We described the right protected by the Second Amendment as bearing arms for a *lawful* purpose ... .") (emphasis added and internal quotation marks omitted); *id*. at 630 ("This makes it impossible for citizens to use them for the core *lawful* purpose of self-defense and is hence unconstitutional.") (emphasis added); *see also McDonald v. City of Chicago*, 561 U.S. 742, 780 (2010) (explaining that "the Second Amendment protects a personal right to keep and bear arms for *lawful* purposes") (emphasis added); *United States v. Bryant*, 711 F.3d 364, 369 (2d Cir. 2013) (describing "an implicit limitation on the exercise of the Second Amendment right to bear arms for 'lawful purpose[s]', and a limitation on ownership to that of 'law-abiding, responsible citizens'") (brackets in original) (quoting *Heller*, 554 U.S. at 628, 635).

In the wake of *Heller* and *McDonald*, circuit courts consistently rejected Second Amendment challenges to 18 U.S.C. § 924(c), recognizing that the protections of the Second Amendment do not extend to guns used to advance or facilitate criminal conduct. *See, e.g., United States v. Jackson*, 555 F.3d 635, 636 (7th Cir. 2009) ("The Constitution does not give anyone the right to be armed while committing a felony ... ."); *Potter*, 630 F.3d at 1261 ("We join the Seventh

4

Circuit in holding that § 924(c) is constitutional under the Second Amendment."); *Bryant*, 711 F.3d at 369–70 ("[W]e hold that the Second Amendment does not protect the *unlawful* purpose of possessing a firearm in furtherance of a drug trafficking crime . . . .") (emphasis in original); *United States v. Napolitan*, 762 F.3d 297, 311 (3d Cir. 2014) ("Needless to say, while the Second Amendment secures 'the right of law-abiding, responsible citizens to use arms in defense of hearth and home,' it does not entitle a drug trafficker to carry a firearm in furtherance of his criminal exploits . . . .") (quoting *Heller*, 554 U.S. at 635).

Nothing about the Supreme Court's recent decision in *Bruen* alters that fundamental analysis. *Bruen* is a continuation of *Heller* and *McDonald*, relying on the same underlying precepts and constitutional principles. *See Bruen*, 142 S. Ct. 2122 (explaining the holding as "consistent with *Heller* and *McDonald*"); *see also id.* at 2162 ("[N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill . . . .") (Kavanaugh, J., concurring) (quoting *McDonald*, 561 U.S. at 786). And *Bruen*, like *Heller* and *McDonald*, similarly limits the scope of Second Amendment rights to "law-abiding" citizens using guns for lawful purposes. *See id.* at 2122 (agreeing that "ordinary, *law-abiding* citizens have a similar right to carry handguns publicly for their self-defense") (emphasis added); *see also id.* at 2159 (Alito, J. concurring) ("All that we decide in this case is that the Second Amendment protects the right of *law-abiding* people to carry a gun outside the home for self-defense . . . .") (emphasis added). That limitation, by definition, does not encompass firearms used to commit crimes and facilitate unlawful activity. And, consistent with that limitation, the Supreme Court in *Heller*, *McDonald*, and *Bruen* affirmed the government's power to impose a "variety" of regulations on firearm use and possession, including licensing regimes and the "longstanding

5

prohibition[] on the possession of firearms by felons." *Heller*, 554 U.S. at 626; *McDonald*, 561 U.S. at 786; *Bruen*, 142 S. Ct. 2162, (Kavanaugh, J., concurring).

The Second Amendment's individual right to bear arms does not extend to the defendant's use and possession of a firearm in furtherance of his drug activity precisely because that purpose is not lawful, and as a drug dealer, he is not a law-abiding citizen. While the defendant asserted a broad and misguided application of Second Amendment jurisprudence, he was unable to cite any case where a federal court has ever extended *Bruen* to support of the use of self-defense in furtherance of drug trafficking. *See generally* ECF No. 381.

Numerous district courts across the country have held that when the "Defendant is not a law-abiding citizen, [] regulations governing *non-law abiding citizens'* use of firearms do not implicate *Bruen* and *Heller*." *E.g. United States v. Black*, 649 F. Supp.3d 246, 251 (W.D. La. 2023); *United States v. Nevens*, 2022 WL 17492196 at *2 (C.D. Cal. Aug 15, 2022). Courts throughout the Fourth Circuit have similarly reiterated that this holding applies to prosecutions under § 924(c). For instance, in *Ingram*, the court relied on the Supreme Court's repeated admonitions that its Second Amendment jurisprudence should not cast doubt on longstanding prohibitions on the possession of firearms by felons and recognized that the rationale of those cases "applies to [§ 924(c)] in equal or greater measure." *United States v. Ingram*, 623 F. Supp. 3d. 660, 664 (D.S.C. 2022). Furthermore, in *Snead*, the court held that "*Bruen* and the cases it follows, are focused on protecting the Second Amendment rights of law-abiding citizens" and do not invalidate laws prohibiting the possession of a firearm in furtherance of a drug trafficking crime. *United States v. Snead*, 647 F. Supp. 3d 475 (W.D. Va. 2022).

### III. Any instruction regarding self-defense would be inappropriate.

Finally, defendant's request for a self-defense instruction should be denied. A criminal defendant may only obtain an instruction for a defense when "the instruction … accurately states

6

the law." *Sloley*, 19 F.3d at 153 (citing *Mathews v. United States*, 485 U.S. 58, 63 (1988); *United States v. Ricks*, 882 F.2d 885, 893 (4th Cir.1989)). "The elements of a 924(c) violation are the commission of a … drug trafficking crime and either (1) using or carrying a firearm during and in relation to the crime or (2) possessing a firearm in furtherance of the crime." *United States v. Clyburn*, 181 F. App'x 343, 346 (4th Cir. 2006). The government intends to seek a jury instruction consistent with these elements. Because self-defense is irrelevant to a § 924(c) violation, any instruction regarding self-defense would be inappropriate. *Sloley*, 19 F.3d at 153 (finding that "the district court properly rejected [the defendant's] request for a self-defense instruction"); *Lyttle*, 2017 WL 492201, at *4 n.6 ("Certainly, defendant is not entitled to a jury instruction on self-defense, duress, or necessity.").

In particular, defendant requests an instruction "that self-defense is a valid defense to a § 924(c) charge unless the Government prove[s] beyond a reasonable doubt that possession of the firearm was *solely* for the purpose of furthering trafficking." ECF No. 381 at 10-12 (emphasis in original). Defendant cites no case law supporting this instruction, nor has the government identified any. Indeed, such an instruction would be an inaccurate statement of the law. *See Clyburn*, 181 F. App'x at 346 (outlining 924(c) elements); *see also United States v. Hill*, No. 3:20-CR-179, 2020 WL 7317144, at *6 (W.D.N.C. Dec. 11, 2020) ("[S]elf-defense does not legally apply to a § 924(c) violation pursuant to binding Fourth Circuit precedent."). Further, a § 924(c) offense requires the government to present evidence showing "that the possession of the firearm furthered, advanced, or helped a drug trafficking crime," which can include the personal protection and defense of the defendant. *United States v. Lomax*, 293 F.3d 701, 705 (4th Cir. 2002); *see also Clyburn*, 181 F. App'x at 346 ("…the fact finder may take into account any of the myriad ways that a firearm might further or advance the drug trafficking crime, including, for example,

providing a defense against the theft of drugs …"); *United States v. King*, 270 F. App'x 261, 266 (4th Cir. 2008) ("It is sufficient to establish that the purpose of the firearm was to protect or embolden the defendant.") (internal quotations omitted). *See also Lyttle*, 2017 WL 492201, at *3 ("The intent of 924(c) is to deter even the mere association of firearms with illegal activities such as drug trafficking.").

## **CONCLUSION**

For the foregoing reasons, the United States respectfully requests that the Court prohibit any evidence of or reference to self-defense as to a defense to the 924(c) charges and deny defendant's request for a self-defense instruction.

Respectfully submitted,

JESSICA D. ABER
United States Attorney

By: _____/s/_____
Megan M. Montoya
Luke J. Bresnahan
Assistant United States Attorneys
Madison Albrecht
Legal Intern, Third Year Law Student
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office Number: 757-441-6631
Facsimile Number: 757-441-6689
E-Mail: megan.montoya@usdoj.gov
E-mail: luke.bresnahan@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of March, 2024, I filed a copy of the foregoing on the CM/ECF system, which caused an electronic notice to be sent to all counsel of record.

By:      /s/
     Luke J. Bresnahan
     Assistant United States Attorney
     United States Attorney's Office
     101 West Main Street, Suite 8000
     Norfolk, Virginia 23510
     Office Number: 757-441-6631
     Facsimile Number: 757-441-6689
     E-Mail: luke.bresnahan@usdoj.gov