IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| *Plaintiff,* | : | |
| | : | Case No.: 2:22 CR 147 |
| *v.* | : | Honorable Arenda L. Wright Allen |
| | : | Jury Trial Date: April 2, 2024 |
| **CORTNEY ALLEN CONLEY,** | : | |
| **JAVAID AKTAR REED,** | : | |
| **KYRON SPELLER,** *and* | : | |
| **TERRANCE SPENCER ALEXANDER** | : | |
| *Defendants.* | : | |

**DEFENDANTS' MOTION IN LIMINE
TO EXCLUDE USE OF VIDEO RELATED TO THE MAY 13, 2022 HOMICIDE AT 925
WINTERCRESS WAY, APARTMENT 137**

COME NOW YOUR DEFENDANTS, Cortney Allen Conley, Javaid Aktar Reed, Kyron Speller, and Terrance Spencer Alexander, by and through their respective undersigned Counsels, and hereby request, pursuant to Federal Rules of Evidence 401 and 403, to exclude and move this Honorable Court to enter an Order excluding from the Defendants' trial the various Wintercress Way Ring or other surveillance video from the homicides which occurred on May 13, 2022 at 925 Wintercress Way, Apartment 137 in Chesapeake, Virginia. In support of this Motion *in limine*, Counsel notes the following:

1. This Court has the inherent power to grant a motion *in limine* to exclude evidence that

1

would be objected to at trial. See *Luce v. United States*, 469 U.S. 38, 41 (1984); Fed. R. Evid. 103, 104(c).

2. By way of background, on May 13, 2022, Chesapeake Police responded to 925 Wintercress Way in response to a call to investigate gunshots and/or bullet holes in the door of apartment 137.  Upon their arrival Chesapeake police found two dead bodies.  During the investigation five Ring cameras were observed in the apartment.  Subsequently, search warrants were obtained, and in response thereto video footage was received.  On those videos it can be observed that two men had attempted to burgle Apartment 137 and rob its occupants at gunpoint.  The would be robbers/burglars were not successful because the occupants of Apartment 137 were diligent in defending themselves from the intruders.  The would be robbers/burglars died at the scene.  All of this can be heard and observed on the videos.  None of the Defendants herein were charged with any type of homicide.

3.  The Government has again provided those videos and affirmed that they intend to introduce those Wintercress Way videos at trial.   The Government has labeled these Wintercress Way videos as 01-01a through 01-01h, and 01-03a through 01-03g, and 01-04a through 01-04d.

4. Under Federal Rule of Evidence 401, evidence is only relevant if:  (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."[e]vidence is relevant if it has any tendency to make a fact [of consequences in determining the action] more or less probable than it would be without the evidence." Federal Rule of Evidence 401.

5.  The Wintercress Way videos are not relevant to the charges at bar.  None of the Defendants are charged with any form of homicide or any lesser included offense thereof.  The videos of the homicides no not make any fact at trial more or less probable, and there are no facts related to the homicide which are of any consequence in the charges for which the Defendants are before the

jury.  To inject homicides into this trial is not only inappropriate, it is purposefully misleading to the jury.

6.  Should the Court find the information presumptively relevant under Rule 401, then under Federal Rule of Evidence 403, the Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issue, misleading the jury, undue delay, wasting of time, or needlessly presentation of cumulative evidence. Rule 403 is the "most important, most frequently invoked, and most cited Evidence Rule." Fed. R. Evid. 403, Reporter's Comment on Restyled Rule 403.

7.  The Wintercress Way videos are not relevant to the charges at bar; but, assuming *arguendo*, they are relevant, the prejudicial value of the Wintercress Way videos is substantially outweighed by their prejudice to the Defendants.

8.  "Before receiving such evidence over a defendant's objection, a trial court should consider seriously whether the probative value is substantially outweighed by any danger of unfair prejudice, Fed. R. Evid. 403, and whether introduction of the nickname is truly needed to identify the defendant, connect him with the crime, or prove some other matter of significance." *United States v. Farmer*, 583 F.3d 131, 135 (2d Cir. 2009).

9.  The Ring video evidence disclosed by the Government would serve only to appeal to the emotions, enflame the passions pull on the heartstrings of the jury by forcing them to watch a video of two people being killed - an occurrence which would certainly be frightening and intimidating to most.  Accordingly, there is clearly a substantial danger of unfair prejudice about what information is before them for potential consideration.

10.  There is no reason for the Jury to see the Wintercress Way videos of the homicide.  The Defendants will stipulate that shots were fired at the Wintercress Way apartment on that day.

WHEREFORE, your Defendants herein, Cortney Allen Conley, Javaid Aktar Reed, Kyron Speller, and Terrance Spencer Alexander, by and through their respective undersigned Counsels, respectfully request that this Honorable Court exclude from evidence any videos from the Ring cameras at the Wintercress Way apartment. We make this Motion under Federal Rules of Evidence 401 and 403, and request that an Order granting this motion be entered because the Wintercress Way Ring videos are not relevant and their probative value is substantially outweighed by their prejudice to these Defendants, especially in a joint trial.

Respectfully submitted,

JAVAID AKHTAR REED

_____/s/_____

Nathan A. Chapman, Esquire
*Counsel for Javaid Akhtar Reed*
VSB No. 45733
CHAPMAN LAW FIRM
451 Court Street
Portsmouth, Virginia 23704
757-966-9550 Telephone
757-966-9556 Facsimile
nchapman@chapmanlawfirm.org


_____/s/_____

Permission to sign provided
Jarrett Lee McCormack, Esquire
*Counsel for Cortney Allen Conley*
VSB No.: 80675
MCCORMACK & MCCORMACK
484 Viking Drive, Suite 190
Virginia Beach, VA 23452
(757) 463-7224 Telephone
(757) 463-5171 Facsimile
jlm@mccormackpc.com


_____/s/_____

Permission to sign provided
Robert W. Canoy Jr., Esquire
*Counsel for Cortney Allen Conley*
VSB No.: 98956
MCCORMACK & MCCORMACK
484 Viking Drive, Suite 190
Virginia Beach, VA 23452
(757) 463-7224 Telephone
(757) 463-5171 Facsimile
rcanoy@mccormackpc.com


_____/s/_____

Permission to sign provided
Mary T. Morgan, Esquire
*Counsel for Terrance Spencer Alexander*
Virginia State Bar No.: 44955
INFINITY LAW GROUP, P.L.C.
4646 Princess Anne Road, Unit 104
Virginia Beach, Virginia 23462
(757) 609-2702 Telephone
(866) 212-1310 Facsimile
mary@infinitylawva.com


_____/s/_____

Permission to sign provided
Daymen W. X. Robinson, Esquire
*Counsel for Kyron Speller*
VSB No.:
LAW OFFICE OF DAYMEN W. X. ROBINSON
5900 E VB Blvd, Suite 416
Norfolk, VA 23502
(757) 200-0578 Telephone
(757) 623-0759 Facsimile
daymenrobinson@gmail.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of March 2024, I will electronically file the foregoing with the Clerk of Court using the CM/EMF system, which will send a notification of such filing (NEF) to all counsel of record, including:

> Megan M. Montoya
> Assistant United States Attorney
> United States Attorney's Office
> World Trade Center
> 101 West Main Street, #800
> Norfolk, Virginia 23510
> megan.montoya@usdoj.gov

> _____/s/_____
>
> Nathan A. Chapman, Esquire
> *Counsel for Javaid Akhtar Reed*
> VSB No. 45733
> CHAPMAN LAW FIRM
> 451 Court Street
> Portsmouth, Virginia 23704
> 757-966-9550 Telephone
> 757-966-9556 Facsimile
> nchapman@chapmanlawfirm.org