IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Criminal No. 2:22-cr-147 |
| ) | |
| CORTNEY A. CONLEY, ) | |
| ) | |
| Defendant.  ) | |

**PRELIMINARY ORDER OF FORFEITURE**

WHEREAS, on April 15, 2024, defendant Cortney A. Conley was found guilty by a jury of Counts 1 through 8 of the Second Superseding Indictment, which charged him with Conspiracy to Distribute and Possess with Intent to Distribute Marijuana, Psilocyn, and Psilocybin, in violation of 21 U.S.C. § 846 (Count 1), Possession with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 841(a)(1) (Counts 2-3, 5-6), Possession, Brandish and Discharge of a Firearm in Furtherance of a Drug Trafficking Crime (Counts 4, 7), and Continuing Criminal Enterprise, in violation of 21 U.S.C. § 848 (Count 8);

AND WHEREAS, the Court's jurisdiction is founded upon 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853;

AND WHEREAS, on September 12, 2024, the United States filed a Motion for Preliminary Order of Forfeiture requesting the forfeiture of a monetary judgment in the amount of $780,547.65 and one Glock Model 30 .45 caliber firearm bearing serial number BRCE361 and any accompanying magazines and ammunition;

AND WHEREAS, the Court finds that the government has met its burden to prove that the proceeds the defendant obtained from the offenses in Counts 1 and 8 is $780,547.65, $364,574.91 of which the defendant jointly obtained with co-defendant Lateya Conley. The

Court further finds that the government has met its burden to show that the proceeds subject to forfeiture are unavailable due to acts or omissions by the defendant as set forth in 21 U.S.C. § 853(p)(1)(B), thereby satisfying 21 U.S.C. § 853(p)(2).  The Court further finds that the government has met its burden to prove the nexus between the Glock Model 30 .45 caliber firearm bearing serial number BRCE361 and any accompanying magazines and ammunition and the offense in Count 4 as prescribed in Fed. R. Crim. P. 32.2(b)(1)(A);

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The following property is forfeited to the United States pursuant to 21 U.S.C. § 853(a)(1):

   **A sum of money in the amount of $780,547.65, representing the proceeds the defendant obtained from the offenses in Counts 1 and 8, for which the defendant has been convicted, and which sum shall constitute a monetary judgment against the defendant and in favor of the United States.  This is a sum for which the defendant shall be jointly and severally liable, to the extent of $364,574.91, with co-defendant Lateya Conley.**

2. The following property is forfeited to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c):

   **Glock Model 30 .45 caliber firearm bearing serial number BRCE361 and any accompanying magazines and ammunition.**

3. A money judgment in the amount of $780,547.65 shall be included in the sentence of the defendant.  The Court having found that the requirements of 21 U.S.C. § 853(p) have been satisfied, the government may, by motion filed pursuant to Fed. R. Crim. P. 32.2(e), collect on its monetary judgment by all available means as provided by law.

4. The United States shall seize all forfeited property and shall take full and exclusive custody and control of same, regardless of whether presently held by the defendant or a third party.  The United States is further authorized to conduct any discovery proper in

identifying, locating, or disposing of the forfeited property, pursuant to Fed. R. Crim. P. 32.2(b)(3).

5. This forfeiture order is final as to the defendant, pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), but preliminary as to third parties who may have a legal interest in a specific property.

6. The United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the property, and shall publish notice of the order in accordance with Fed. R. Crim. P. 32.2(b)(6).

7. Any person, other than the defendant, asserting any legal interest in the property may, within thirty days of the final publication of notice or receipt of direct written notice, whichever is earlier, petition the Court for a hearing to adjudicate the validity of an alleged interest in the property, pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2(c)(1).

8. Following the Court's disposition of all timely petitions filed, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the final order of forfeiture, as provided by Federal Rule of Criminal Procedure 32.2(c)(2), and the United States shall have clear title to the property, pursuant to 21 U.S.C. § 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2), and shall dispose of the property in accordance with law.

9. Upon entry of this order, the United States Attorney's Office is authorized to conduct any appropriate discovery including depositions, interrogatories, requests for production of documents and for admissions, and the issuance of subpoenas, to identify, locate, or dispose of forfeitable property.

10. Pursuant to Rule 32.2(b)(4)(B), this order of forfeiture shall be included in the Judgment imposed in this case.

*Arenda L. Wright Allen*
Honorable Arenda L. Wright Allen
United States District Judge

Norfolk, Virginia

Dated: October 8, 2024